IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC
2012 OCT 22  A 10: 16

| | |
|---|---|
| Russell Bonner, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5:11-818-SB |
| Michael J. Astrue, Commissioner of Social Security, | ) **ORDER** |
| Defendant. | ) |

This matter is before the Court upon Plaintiff's counsel's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Specifically, Plaintiff's counsel seeks fees in the amount of $6,655.50, which represents 18.35 hours of attorney's work at the hourly rate of $180.00 and 37.25 hours of paralegal's work at the hourly rate of $90.00. The government opposes the motion and asserts that its position was substantially justified.

## BACKGROUND



The Plaintiff filed an application for disability insurance benefits and supplemental security income in April of 2007, alleging disability as of May 15, 2006. The Commissioner denied her application initially and upon reconsideration. The Plaintiff timely filed a request for a hearing before an Administrative Law Judge ("ALJ"), which was held on June 23, 2009. Thereafter, on February 19, 2010, the ALJ issued a decision denying the Plaintiff's claim.

The Plaintiff submitted additional evidence to the Appeals Council in support of her request that the Appeals Council review the ALJ's decision. The Appeals Council indicated

that it had "considered the additional evidence" and made it a part of the record. However, the Appeals Council found that the additional information did not provide a basis for changing the ALJ's decision.

On April 6, 2011, the Plaintiff filed the instant action seeking judicial review of the Commissioner's final decision. The matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation ("R&R"). In the R&R, the Magistrate Judge recommended that this Court reverse and remand the Commissioner's decision for further administrative action. The government chose not to object to the R&R, and on May 22, 2012, this Court entered an order adopting the R&R and reversing and remanding the Commissioner's final decision for further administrative proceedings.

## STANDARD OF REVIEW

Pursuant to EAJA, a party who prevails in litigation against the United States is entitled to an award of attorney's fees and costs upon timely petition, as long as the government's position was not "substantially unjustified" and no special circumstances make such an award unjust. Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991). The present case turns on the question of whether the government's position was "substantially justified."

In evaluating a request for attorney's fees and costs pursuant to EAJA, the government bears the burden of proving that its position was substantially justified. To meet its burden, the government must establish that its case has a reasonable basis in both law and fact. Pierce v. Underwood, 487 U.S. 552, 562-563, 108 S.Ct. 2541, 2548-2549, 101 L.Ed.2d 490 (1988). "In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital

of law cannot excuse a substantially unjustified position on the facts." Thompson v. Sullivan, 980 F.2d 280, 281 (4thCir, 1992). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness." Pierce v. Underwood, 487 U.S. 552, 566 (1988). However, "a position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at n.2.

The government's burden of showing substantial justification is a strong one, and it is not met merely because the government produces "some evidence" in support of its position. Petrella v. Sec. of Health & Human Servs., 654 F.Supp. 174, 177 (M.D. Pa. 1987) (citing Washington v. Heckler, 756 F.2d 959, 961 (3d Cir. 1985)). In evaluating the government's position, courts must do so in light of the standards in existence when the decision was rendered. Id. Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified. Randolph v. Sullivan, 738 F.Supp. 305, 306 (C.D.Ill. 1990). However, there is no "presumption that the Government position was not substantially justified[ ] simply because it lost the case." Tyler Business Services, Inc. V. NLRB, 695 F.2d 73, 75 (4th Cir. 1982).



## DISCUSSION

Here, the government assets that its position was substantially justified because a reasonable person could find the government's position correct. After review, however, the Court disagrees.

In the R&R, the Magistrate Judge determined that the additional evidence presented

by the Plaintiff to the Appeals Council, which consisted of additional findings and conclusions of the Plaintiff's treating physician, Dr. Moss, conflicted with the evidence the ALJ relied upon in finding that the Plaintiff was not disabled. Therefore, the Magistrate Judge recommended remand so the fact-finder could "weigh the additional evidence from Dr. Moss and reconcile it with other record evidence." (Entry 21 at 13.) The government elected not to file any written objections to the R&R.

After consideration of the record, the Court concludes that the government has not met its burden of demonstrating that its position was substantially justified. As previously noted, the Court found that the additional evidence submitted by the Plaintiff to the Appeals Council contradicted the evidence relied upon by the ALJ. Therefore, the Court found that a remand was necessary so a fact-finder could weigh the additional evidence and reconcile it with the other record evidence. In light of these circumstances, coupled with the fact that the government elected not to file written objections to the R&R, the Court simply cannot conclude that the government's position had a reasonable basis in both law and fact. Accordingly, the Court believes that an award of attorney's fees is appropriate.

## CONCLUSION

Based on the foregoing, the Court hereby

**GRANTS** Plaintiff's counsel's motion for attorney's fees pursuant to EAJA in the amount of $6,655.50, which represents 18.35 hours of attorney's work at the hourly rate of $180.00 and 37.25 hours of paralegal's work at the hourly rate of $90.00.

4

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

October **19**, 2012
Charleston, South Carolina

#5